## Dunbar v. Dunbar.

(Decided April 20, 1923.)

Appeal from Russell Circuit Court.

Divorce—Evidence Held to Sustain Finding Husband not Guilty of Cruelty.—Where the wife's testimony as to cruel treatment by her husband was corroborated only by a discredited witness, and by testimony of her father as to an admission by her husband,

and was denied by the husband and by two servants, the decree for defendant rendered by a chancellor, who had been judge of that district for years, so it might be assumed he was acquainted with the parties and witnesses, will not be reversed on appeal.

JOSEPH H. STONE for appellant.

W. R. CRESS, HERBERT CRESS and W. J. CHUMBLEY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant and appellee were married in December, 1914, and lived together until December, 1920, at which time they separated.

This is an action by the wife for divorce, alimony, and the custody of their two small children. The ground of divorce stated is cruel and inhuman treatment. The answer of the husband traverses that ground, and in a second paragraph states that he still loves his wife and is ready, anxious and willing to take her back and be good to her, and anxious that they might live together and raise their two children. It also asserts that he is the proper person to have the custody and control of the two children and that he can and will furnish them a good, comfortable and Christian home with his father and mother. The answer does not assert any ground of divorce by the defendant, but only contests the right of the plaintiff to a divorce, or alimony, or custody of either of the children.

On submission the chancellor adjudged that plaintiff had failed to show a right to the relief sought in her petition, dismissed the same, and adjudged to the defendant the care and custody of the two children, with a provision that they be permitted to visit their mother at reasonable times and to remain with her at least one week out of each month. From this judgment the plaintiff appeals.

The evidence is very conflicting. The evidence of the plaintiff herself is that for three years before the separation the defendant had whipped and abused her, that he had kicked her, and that he had been in her presence guilty of improper conduct with another young woman; that he insisted upon her going to the home of his father, at which place she says she did not receive kind or considerate treatment.

The only corroboration of her statements is that of a wholly discredited witness, Anderson, who testified to

having heard one night while passing their home the appellant crying and having heard at the time something like ''licks'' or strokes between parties who were then quarreling. In addition to this, appellant's father testified that at or about the time of the separation appellee had admitted to him he had kicked his daughter.

On the contrary, appellee specifically denies each and all of these accusations, and his evidence is corroborated by members of his family, who were frequently in his home, and by the evidence of two women who had, at different times for some weeks, been domestics in his home. The evidence convincingly shows not only that appellee was, generally speaking, a kind and considerate husband, but that appellant was often disagreeabble, nagging and exhibited a high temper and such other characteristics as made her husband unhappy and the home life far from agreeable.

The record presents only a question of fact; if the chancellor below had believed any considerable part of the appellant's evidence he would, of necessity, have granted to her the divorce for which she asked, alimony, and the custody of her two children. The chancellor has been the judge of that district for many years, and we may fairly assume is familiar with the parties and witnesses in this record, and to reverse this judgment on the questions of fact would be equivalent to saying that this court, at such a distance, without knowledge of the parties or witnesses, could better pass upon their evidence and credibility than one who presumably is familiar with them and their surroundings.

Giving to the chancellor's finding of fact that weight to which it is entitled, we have no alternative except to approve his action.

Judgment affirmed.